IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward G. Jones, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 9:23-cv-3015-BHH |
| v. ) | |
| ) | **ORDER** |
| Director of the Greenville County ) | |
| Detention Center, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Edward G. Jones, ("Jones" or "Petitioner"), a pretrial detainee proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 28, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss Jones' § 2241 petition without prejudice and without requiring Respondent to file a return. Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of receiving a copy. Petitioner filed objections on October 16, 2023, and the matter is ripe for review.

## BACKGROUND

This is Jones' second § 2241 petition, and he again appears to be challenging pending state criminal charges. *See also Jones v. Dir. of Greenville Cnty Det. Ctr*, 2023 WL 1802124 (D.S.C. Feb. 7, 2023), appeal dismissed, No. 23-6206, 2023 WL 3676786 (4th

Cir. May 26, 2023). Specifically, Jones asserts that he has been denied his right to a speedy trial because he has been awaiting trial for 25 months. (ECF No. 1-1 at 6.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

In her Report, the Magistrate Judge determined that Jones' § 2241 petition is subject to dismissal on abstention grounds. The Magistrate Judge explained that, in *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary circumstances." *See Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Magistrate Judge further explained that, under *Younger* and its progeny, the Fourth Circuit has set forth the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state

proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

Here, the Magistrate Judge found abstention appropriate because (1) Petitioner is currently detained and awaiting trial on pending state criminal charges; (2) the state's interest in administering its criminal justice system free from federal interference is "one of the most powerful of the considerations that should influence a court considering equitable types of relief"; and (3) Petitioner can raise the claims contained in his § 2241 petition in state court. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Magistrate Judge also found that Petitioner does not allege any extraordinary circumstances to show that pretrial intervention by this Court would be appropriate.

Petitioner objects to the Magistrate Judge's Report, asserting that he has shown "special circumstances" because he filed a "right to a speedy trial on December 1st, 2022 and second filing on July 17th, 2023." (ECF No. 12 at 1.) Nevertheless, Petitioner also admits that he can raise this issue in the state proceedings during and after trial. (*Id.* at 2.)

After review, the Court finds Petitioner's objections unavailing, and the Court finds no basis to interfere with Petitioner's state criminal proceedings at this time. First, as the Magistrate Judge explained, Petitioner's state criminal proceedings remain ongoing. Second, the state's interest in administering its criminal justice system free from this Court's involvement clearly implicates an important state interest. Third, as the Magistrate Judge explained and Petitioner acknowledged in his objections, Petitioner can pursue his claims in state court both during and after trial. In all, the Court finds that Petitioner has not shown that he has no adequate remedy at law or that he will suffer irreparable injury absent this Court's intervention. Nor does the Court does find that this case involves extraordinary

circumstances that warrant this Court's intervention. Accordingly, the Court agrees with the Magistrate Judge that this case meets all criteria for abstention. *Martin Marietta Corp.*, 38 F.3d at 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

## CONCLUSION

For the reasons stated above and set forth by the Magistrate Judge, the Court overrules Petitioner's objections (ECF No. 12) and adopts and incorporates the Magistrate Judge's Report (ECF No. 9). Accordingly, it is **ORDERED** that Petitioner's § 2241 petition is **dismissed without prejudice and without requiring Respondent to file a return**.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 16, 2023
Greenville, South Carolina

*****

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Here, the Court finds that

Petitioner has not made the requisite showing of "the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Accordingly, the Court denies a certificate of appealability.